UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TERRENCE FITCH,
        Plaintiff,

  v.                                                  Case No. 23-CV-1448

LINDSAY PUETZ, et al.,
        Defendants.

---

## DECISION AND ORDER

Pro se plaintiff Terrence Fitch filed a complaint under 42 U.S.C. § 1983 alleging that the defendants, Milwaukee County Clerk of Circuit Court Anna Hodges and Deputy Court Clerk Lindsay Puetz, while acting under color of state law, violated his civil rights. ECF No. 1. Plaintiff alleges that in May 2023, he attempted to file certain materials with the Milwaukee County Circuit Court, but Puetz refused to file them. *Id.*, ¶ 33–34. Plaintiff alleges that he made further attempts to file materials in the following months, but the defendants refused to file them. *Id.*, ¶ 43–44. Defendants have filed a motion to dismiss the complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and for failure to state a claim on which relief can be granted. ECF No. 9.

Construing plaintiff's pro se complaint liberally, *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000), plaintiff appears to allege that the defendants' actions violated his right of access to the courts. This right is grounded in, *inter alia*, the First Amendment's Petition Clause and the Fourteenth Amendment's Due Process and Equal Protection Clauses. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002). Before turning to the merits of plaintiff's claim, I must be sure that I have subject-matter jurisdiction. Section 1983 claims arise under federal law and are typically within the subject-matter jurisdiction of the

federal courts. However, under what is known as the *Rooker-Feldman* doctrine, a district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine bars a district court from reviewing a federal lawsuit that directly challenges or is "inextricably intertwined" with a state court judgment, meaning that there is "no way for the injury complained of by a plaintiff to be separated from a state court judgment." *Sykes v. Cook County Circuit Court Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016).

On February 15, 2021, the Milwaukee County Circuit Court issued an order disposing of all remaining matters in a paternity and child support case in which plaintiff participated as the child's father. *See In re the Paternity of O.C.M.*, Milwaukee County Case No. 2017PA004443PJ (hereinafter "Case No. 2017PA004443PJ").[1] Despite this, plaintiff continued to file numerous motions and other documents with the court. On October 18, 2021, the circuit court issued an order requiring that plaintiff receive permission before making additional filings. On January 10, 2022, the circuit court issued an order detailing plaintiff's attempts to file materials despite the October 18 order and instructing the clerk of court to

---

[1] On a motion to dismiss, in addition to the allegations set forth in the complaint itself, I may consider "information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). "A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012). I will therefore take judicial notice of the state-court proceedings in Case No. 2017PA004443PJ. *See Daw v. Consol. City of Indianapolis and Marion Cnty.*, 734 Fed. Appx. 357, 358 (7th Cir. 2018) (holding that a state-court judgment is a matter of public record and therefore a permissible subject for judicial notice).

2

"return unfiled any document submitted by Mr. Fitch (or his agent) relating to [Case No. 2017PA004443PJ] that does not comply with the court's orders." ECF No. 11-2 at 3.

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. There is no question that plaintiff is a "state court loser[ ]" who filed this action "after the state proceedings ended." *Exxon Mobil*, 544 U.S. at 284. Additionally, adjudication of plaintiff's claims would require "review and rejection" of the state court order. *Id.* Plaintiff's alleged injury was caused by defendants' refusal to file materials in his family court case. But defendants' refusal to do so was pursuant to the circuit court's October 18, 2021, and January 10, 2022, orders requiring that plaintiff receive permission before making additional filings and instructing the clerk of court to return unfiled any documents that do not comply with the court's orders. There thus is no way for the injury complained of to be separated from the circuit court's order. Accordingly, I will grant defendants' motion to dismiss this case for lack of subject-matter jurisdiction.

**THEREFORE, IT IS ORDERED** that defendants' motion to dismiss (ECF No. 9) is **GRANTED.** Plaintiff's complaint and this action are **DISMISSED** without prejudice for lack of subject-matter jurisdiction. The Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2024.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge